**IN THE COURT OF APPEALS OF IOWA**

No. 19-0138
Filed May 13, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GREG A. SCHINDLER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Washington County, Joel D. Yates,

Judge.

        Greg Schindler appeals his convictions of ongoing criminal conduct and

first-degree theft. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee.

        Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

Greg Schindler appeals his convictions of ongoing criminal conduct and first-degree theft following a jury trial. He argues his counsel was ineffective in (1) failing to move for judgment of acquittal with respect to the ongoing criminal conduct count and (2) failing to object to a jury instruction regarding his out-of-court statements. We affirm.

## I. Facts and Prior Proceedings

Schindler worked as a bookkeeper for Washington TV and Appliance[1] (the company) from 2014 to 2017. The company terminated Schindler's employment when Schindler failed to perform certain job duties.

Robin Guenerich replaced Schindler as the company's bookkeeper. But a few months later, the company fired Guenerich after discovering she stole from the company.

During a resulting review of the company's financial records, it was discovered Schindler also took money from the company over the course of roughly three years, the length of Schindler's employment. There were twenty-four separate instances in which Schindler withheld cash from daily bank deposits. His takings totaled $24,460.80.

The company's owner reported Schindler to local law enforcement. He was criminally charged. A jury found Schindler guilty of first-degree theft and ongoing criminal conduct. On appeal, Schindler claims his counsel was ineffective.[2]

---

[1] The company did business as Archer's TV and Appliance.
[2] We recognize Iowa Code section 814.7 was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be

**II. Scope and Standard of Review**

We review ineffective-assistance claims de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To succeed on an ineffective-assistance claim, a defendant must demonstrate counsel failed to perform an essential duty and constitutional prejudice resulted. *State v. Walker*, 935 N.W.2d 874, 881 (Iowa 2019). "Because the test for ineffective assistance of counsel is a two-pronged test, a defendant must show both prongs have been met." *Nguyen v. State*, 878 N.W.2d 744, 754 (Iowa 2016). If a defendant cannot prove either prong, we need not address the other. *See id.*

**III. Discussion**

The first prong of the ineffective-assistance test requires Schindler show "counsel's representation fell below an objective standard of reasonableness." *State v. Ortiz*, 905 N.W.2d 174, 183 (Iowa 2017) (citation omitted). We consider whether counsel acted "outside the wide range of professionally competent assistance." *Id.* (citation omitted). We presume counsel acted reasonably. *See*

---

decided on direct appeal from the criminal proceedings." *See* 2019 Iowa Acts ch. 140, § 31. In *State v. Macke*, however, our supreme court held the amendment "appl[ies] only prospectively and do[es] not apply to cases pending on July 1, 2019." 933 N.W.2d 226, 235 (Iowa 2019). We are bound by our supreme court's holding. We conclude, therefore, the amendment "do[es] not apply" to this case, which was pending on July 1, 2019. *Id.*

Schindler invites us to find the amendments to section 814.7 unconstitutional. As just noted, though, the amendments are not applicable here. So we decline the invitation. *Cf. Good v. Iowa Dep't of Human Servs.*, 924 N.W.2d 853, 863 (Iowa 2019) (applying the doctrine of constitutional avoidance).

And to the extent Schindler asks us to adopt the plain-error doctrine instead of the ineffective-assistance framework, we cannot. *See, e.g.*, *State v. Martin*, 877 N.W.2d 859, 866 (Iowa 2016) (noting the supreme court has "repeatedly declined 'to abandon our preservation of error rules in favor of a discretionary plain error rule'" (citation omitted)).

*id.* at 184. "[C]ounsel has no duty to raise an issue that lacks merit . . . ." *Id.* So our first inquiry is whether Schindler's claims have merit. *See id.*

For his first claim of ineffective assistance, Schindler focuses on the ongoing criminal conduct charge. Schindler claims that, when counsel moved for judgment of acquittal, he should have argued there was insufficient evidence Schindler's thefts were committed "on a continuing basis." Iowa Code § 706A.1 (2014).

Under Iowa law, "[c]ontinuity can be established two ways." *State v. Goodwin*, No. 18-1822, 2020 WL 1551149, at *6 (Iowa Ct. App. Apr. 1, 2020). "First, the State may demonstrate 'continuity over a closed period by proving a series of related predicates extending over a *substantial period of time.*'" *Id.* (citing *State v. Reed*, 618 N.W.2d 327, 335 (Iowa 2000)). "Second, continuity can be shown by 'past conduct that by its nature projects into the future with a threat of repetition.'" *Id.* (quoting *Reed*, 618 N.W.2d at 334).

The record showed that, over the course of three years, Schindler committed twenty-four thefts, all using essentially the same methods, and all against a single victim. This shows "continuity over a closed period," that is, "a series of related predicates extending over a substantial period of time." So "[e]ven if defense counsel had challenged the sufficiency of the evidence to show the offenses were committed on a continuing basis, such a challenge would have been unsuccessful." *State v. Wulf*, No. 18-0398, 2019 WL 720469, at *4 (Iowa Ct. App. Feb. 20, 2019) "Defense counsel has no duty to pursue a meritless issue." *Id.*

But Schindler argues the jury instructions should be considered the law of the case. *See State v. Banes*, 910 N.W.2d 634, 639–40 (Iowa Ct. App. 2018)

("Where, as here, the jury was instructed without objection, the jury instruction becomes law of the case for the purposes of reviewing the sufficiency of the evidence."). Moreover, Schindler contends, the instructions only permitted a finding of continuity if there was a "threat of continuing activity," that is, a threat of *future* predicate thefts.[3] But there was no future threat here: Schindler's termination ended his opportunity to embezzle more funds from his (former) employer, the company.

We are not certain Schindler is reading the instructions correctly. Even if he is, though, it does not change the outcome.

As the State emphasizes, we are not dealing with a preserved error. Rather, Schindler is claiming trial counsel was ineffective for failing to raise particular issues in his motions for judgment of acquittal. Those motions were made at the end of the State's case and again after Schindler's case. At those

---

[3] Jury instruction number eighteen, the ongoing criminal conduct instruction, provided:

> The State must prove all of the following elements of [o]ngoing [c]riminal [c]onduct:
> 1. During the time period from April 2014 through April 2017, the defendant committed acts of [o]ngoing [c]riminal [c]onduct; namely [t]heft.
> 2. The thefts are punishable as indictable offenses under the laws of Iowa.
> 3. The thefts were on a continuing basis.
> 4. The thefts were for financial gain.

Jury instruction number twenty, the definitional instruction for "on a continuing basis," provided:

> Concerning element number 3 of instruction [n]o. 18 the phrase "on a continuing basis" means that at least two or more acts of theft occurred and the theft or fraud had the same or similar purpose, results, participants, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics or are not isolated events and there was a threat of continuing activity.

times, the court had not yet approved a set of instructions. So, at the time counsel made his motions, counsel had no obligation to address the lack of evidence about a "threat of continuing activity." *See State v. Welsh*, No. 12-0956, 2013 WL 4504925, at *1 (Iowa Ct. App. Aug. 21, 2013). "Although the jury instructions [ultimately] established the law of the case, counsel had no duty to raise an issue before the issue otherwise existed." *Id.*

For all of these reasons, we conclude counsel had no duty to raise the continuity issue in his motions for judgment of acquittal. He was not ineffective for failing to do so. *See State v. Halverson*, 857 N.W.2d 632, 635 (Iowa 2015) ("Counsel, of course, does not provide ineffective assistance if the underlying claim is meritless.").

Next, Schindler claims counsel was ineffective for failing to object to a jury instruction. The instruction provided:

> Evidence has been offered to show that the defendant made statements at an earlier time and place.
> If you find any of the statements were made, then you may consider them as part of the evidence, just as if they had been made at this trial.
> You may also use these statements to help you decide if you believe the defendant. You may disregard all or any part of the defendant's testimony if you find the statements were made and were inconsistent with the defendant's testimony given at trial, but you are not required to do so. Do not disregard the defendant's testimony if other evidence you believe supports it or you believe it for any other reason.

This language comes from a model jury instruction, which Schindler notes was revised prior to his trial. He contends the submitted instruction misstates the law and counsel was ineffective in not requesting the updated model instruction. However, this court as repeatedly determined the submitted instruction is a correct

statement of law. *See, e.g.*, *State v. Garcia*, No. 17-0111, 2018 WL 3913668, at *4 (Iowa Ct. App. Aug. 15, 2018) (collecting cases). So counsel was not ineffective in failing to object to it or request a different instruction. *See Halverson*, 857 N.W.2d at 635.

## IV. Conclusion

Schindler's counsel was not ineffective. So we affirm.

**AFFIRMED.**